In re ESTATE of Joseph E. REILLY,
Deceased.
Grace F. REILLY, Administratrix,
Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.
No. 11983.

United States Court of Appeals
Third Circuit.

Argued Oct. 18, 1956.

Decided Jan. 8, 1957.

G. Norman Widmark, Newark, N. J.
(Frank J. Brunetto, Jr., Montclair, N. J.,
on the brief), for petitioner.

Charles B. E. Freeman, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Hilbert P. Zarky, Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Petitioner, administratrix of the estate of her deceased husband, seeks review of the decision of the Tax Court that all of the proceeds under certain life insurance policies payable to her as spouse are excluded from the marital deduction by Section 812(e) (1) (B) of the Internal Revenue Code of 1939, 26 U.S.C. § 812(e) (1) (B), the terminable interest rule. The facts were stipulated and so found by the Tax Court.

Included in the gross estate was the sum of $58,430.09, representing the proceeds of eight policies of insurance upon decedent's life issued by the Penn Mutual Life Insurance Company. Decedent had filed a beneficiary designation and settlement option with the insurance company in 1944 which provided that in the event his wife should survive him the proceeds of each policy were to be distributed to her in equal monthly installments for ten years certain and thereafter for life; and if his wife should die within the ten year period, the remainder of installments for the ten year period were to be paid to his surviving children or to the estate of the last survivor of his wife and children. The option was in effect at his death in 1950.

Decedent was survived by his spouse and two children. At that time the surviving spouse was 47 years of age. Each policy specified the amount payable in monthly installments under the above option to a female, age 47, for each $1,000 of proceeds. The total amount she was to receive under the eight policies was $270.85 per month. On the basis of the calculations used by the insurance company to determine the amount of the monthly installments, of the total proceeds in amount of $58,430.09, the sum of $28,149.63 was necessary to provide the stated monthly income for ten years certain and $30,280.46 was required to provide said monthly income thereafter for the life of the surviving spouse.

By all eight of the policies the installment payments during the ten year certain period, but not the installment payments thereafter, were to be increased by any surplus additions as might be awarded by the board of trustees of the insurance company. The policies provide that the right to the income payments could not be commuted, alienated, assigned, or anticipated by the beneficiary without the written permission of the insured, which in the instant case was not given.

Petitioner originally claimed a marital deduction in the estate tax return with respect to the entire proceeds of the policies in the amount of $58,430.09; but conceded prior to the hearing in the Tax Court that the portion of the proceeds required to provide the monthly payments for ten years certain, totaling $28,149.63, does not qualify for the marital deduction. Respondent disallowed the full amount of the deduction and was sustained in this by the Tax Court.

The Tax Court held that the word "property" as used in Section 812(e) (1)[1]

1. "§ 812. Net estate.
 "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate * * *
 "(e) Bequests, etc., to surviving spouse.
 "(1) Allowance of marital deduction.—
 "(A) In general. An amount equal to the value of any interest in property which passes or has passed from the de-

cedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
 "(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be al-

of the Internal Revenue Code of 1939, as amended, 26 U.S.C. 1952 ed. § 812(e)(1), included all the proceeds payable under each of the contracts of insurance.

The purpose of the marital deduction in determining estate tax liability under the Revenue Act of 1948, is to make more nearly uniform the tax treatment of married persons in community property and non-community property states. This was accomplished by allowing a deduction up to fifty per cent of the gross estate of the spouse first to die for outright transfers of assets to the surviving spouse. The assets so removed from the tax in the estate of the spouse first to die are to be exposed to the tax at the death of the surviving spouse. Fundamentally postponement of the tax is contemplated so that if the full marital deduction is taken, the property of the marital community will be subject to the tax only once in the estate of either spouse.

 In order to prevent abuse and tax avoidance through the marital deduction, the terminable interest rule was enacted. Broadly, it excepts from the marital deduction any asset of the estate transferred to the spouse which may by any event ultimately pass from the decedent to any other person for less than full consideration in money or money's worth. But not all terminable interests are barred from the marital deduction. To be excluded, the property, of which the terminable interest is a part, must under some contingency be liable to pass from the decedent to someone other than the spouse and be possessed and enjoyed by such other person after the surviving spouse. A second type of terminable property eliminated, is one which at the direction of the decedent is purchased by an executor or trustee for the spouse.

To accomplish this purpose in language of wide application was no small task. In the Senate Committee Report [2] the term "property" was generally defined as "used in a comprehensive sense and includes all objects or rights which are susceptible of ownership." "Interest in property" was in effect stated as anything short of "property".[3] Thereafter, it is pointed out that a terminable interest may be the entire "property" [4] and further that a terminable interest may be subdivided into interests, each of which is separate property for purposes of the terminable interest rule.[5] The

---

lowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii))—

"(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust."

2. S.Rep. 1013, Part 2, 80th Cong. 2nd Sess. pp. 2–13 (1948—1 Cum.Bull. 331, 332–340).

3. "The term 'interest' refers to the ex-

tent of ownership, that is, to the estate or the quality and quantum of ownership by the surviving spouse or other person, of particular property. * * * Generally the property in which any person is considered as having an interest is the property out of which or the proceeds of which, such interest may be satisfied."

4. "On the other hand, an interest may be a terminable interest under subparagraph (e) (1) (B) of Section 812 even though such interest is the entire property. Thus, if the property in which the surviving spouse has an interest, or all of the interest, is terminable, the interest of the surviving spouse is a terminable interest. Examples of such terminable interests are patents, copyrights, and annuity contracts."

5. "In the case of certain property which is terminable, a marital deduction may be allowed, even though clause (i) applies, as long as clause (ii) does not apply. Thus, if the decedent bequeaths all the interest he ever had in a patent to his wife and daughter as tenants in common,

limitation on such subdivision is that under no circumstances may any other person succeed to the property in which the surviving spouse had an interest. The committee report does not contemplate that the assets encompassed by the term "property" are to be mechanically determined in the verbiage of the overall definition, for the very example quoted below is completely inconsistent with any attempted use of the language in that definition as a rigid formula. Rather it appears that the question of where one "property" ends and a separate "property" begins must be judged in the light of the particular circumstances and their relationship to the purpose of the statute.

It is those standards which the Tax Court failed to consider in evaluating the word "property" as applied to the specific facts of the situation before us. The proceeds of one insurance policy certainly can be divided into separate properties. The fact that each single property had its genesis in the same piece of paper is without significance taxwise. Otherwise, every indicia of title would be indivisible, which is not true. Substance must prevail on this question, as in all tax matters.

The regulation issued under Section 812(e) (1) (G) [6] which is specifically addressed to life insurance and annuity payments contemplates the division of the proceeds from one insurance contract into two separate funds held by the insurer and different treatment under the terminable interest rule accorded to each by Section 81.47 (a) (d) (2) of Regulations 105:

"(2) If the interest of the surviving spouse under a life insurance, endowment, or annuity contract is in proceeds held by the insurer which do not, however, represent the entire amount payable under such contract, the provisions of section 812(e) (1) (G) nevertheless apply to such proceeds so held to which all five of the above conditions apply. For example, an insurance contract on the decedent's life may provide for payment of the proceeds into two funds to be held by the insurer. In such case, if all five of the above conditions are satisfied with respect to all amounts payable into one such fund, then the special rule of section 812(e) (1) (G) is applicable to the proceeds held in such fund."

The simple inquiry here is to ascertain whether a division of the proceeds into two separate properties was accomplished. So long as the insured was alive the two potential interests were part of the one plan, each depending on the other and the survival of the insured for their amounts, their beneficiaries and whether they would ever exist. With the happening of the condition, the death of the insured, those two bundles of rights came into being entirely separate and independent. Their respective amounts had to be computed out of the total proceeds by the insurer's formula but that relationship was mechanical rather than causal.[7] The computation was purely actuarial, depending only on the age of the surviving spouse which was fixed for computation purposes on the happening of the said condition. The

---

the marital deduction is allowed, with respect to the interest of the wife in the patent. If, however, the patent were bequeathed to them for their joint lives and then to the survivor, the marital deduction would not be allowed."

6. Paragraph (G) itself is not applicable to the issue at bar because it is concerned with life insurance or annuities to the spouse with a power to appoint the residue under the contract. As to the portion of the contract in issue (the life annuity arising ten years from the death of the spouse) there will be no residue to

be appointed or otherwise pass because it is exhausted by the death of the spouse.

7. While involving a different section of the Internal Revenue Code, for an example of division of annuity interests see Twogood v. Commissioner, 1950, 15 T.C. 989, affirmed 2 Cir., 1952, 194 F.2d 627, 629. There the Court of Appeals for the Second Circuit took the view on the division of one annuity into two separate annuities that " * * * To meet the requirements of section 811(c) (1) (B) there must be some causal relationship between * * *" the two properties.

death of the decedent was the moment of the transfer; other than the formalities of filing the certificate of death and making the necessary calculation, the division of the two interests was complete and the rights of the parties then fixed.

Thereafter the amount of the ten-year certain payments could not be affected by the annuity for life; and the life annuity did not flow from nor could it be affected by the payments certain. The rights under one were not tied in any way to the rights under the other. A person other than the spouse could succeed to one; no one but the spouse could be paid any part of the other. The mere fact that the two interests derived from the same contract is insufficient to fuse these independent properties.

Under the option selected the insurer must and in fact did separate the proceeds into two separate funds upon the death of the decedent. Thereafter, each part of the contract was funded differently by the insurer, e. g., each policy provided that the certain payments, but not the contingent payments, were to be increased by any surplus additions.

There is nothing in Section 812 (e) evincing intent that this contingent future life annuity to the surviving spouse alone be taxed in the estate of the spouse first to die. Nor is such purpose indicated in the legislative history. That sort of levy in most instances would impose a heavy burden upon the living spouse for what is at most an expectancy. It would defeat the expressed purpose of the marital deduction. Allowance of the deduction on the contingent annuity before us is well within the deduction's remedial objective, i. e., to eliminate the tax on transfers between husband and wife. Ultimate tax avoidance does not taint the problem. The annuity if ever received by the widow will be subject to tax in her estate. Whatever benefit may be received by the widow through postponement of tax liability until ultimate transfer outside the marital community is the exact grace granted taxpayers by the Congress in the marital deduction.

The decision of the Tax Court will be reversed and the cause remanded for further proceedings in accord with this opinion.