**Edward J. MEYER, Marion E. Meyer and Alfred M. Saperston, Executors of the Estate of Albert F. Meyer, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 7572.**

United States District Court
W. D. New York.

Oct. 3, 1598.

---

Saperston, McNaughtan & Saperston, Buffalo, N. Y. (Richard H. Wile, Buffalo, N. Y., of counsel), for plaintiffs.

John O. Henderson, U. S. Atty., Buffalo, N. Y. (Frederick W. Danforth, Jr., Asst. U. S. Atty., Buffalo, N. Y., of counsel; Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner, Robert W. Kernan, Attorneys, Department of Justice, Washington, D. C., on briefs), for defendant.

MORGAN, District Judge.

The above entitled action was submitted to this court upon stipulated facts and briefs.

### Findings of Fact

1. Plaintiffs are executors of the Estate of Albert F. Meyer, who died September 14, 1952, having received Letters Testamentary as such executors from the Surrogate's Court of Erie County, New York, on October 9, 1952, and presently are acting as such executors.

2. This action arises under the Internal Revenue Code of the United States as amended.

3. On December 9, 1953, the executors filed the Federal Estate return with the District Director of Internal Revenue in Buffalo, New York, showing a tax due in the sum of $16,770. The return was audited and the Director determined a deficiency in the amount of $8,500.48, with interest from December 14, 1953, in the amount of $361.25, making a total assessment of $8,861.73, which was paid as follows: $8,500.48 on August 31, 1954, and $361.25 on October 26, 1954.

4. The total gross estate reported by plaintiffs on said federal estate tax return amounted to $313,764.46. Included in Schedule M of the estate tax return, as part of the property passing to the surviving spouse, were the proceeds of two insurance policies totaling $30,207.10. This amount included the proceeds from an insurance policy on decedent's life issued by Northwestern Mutual Life Insurance Company, Policy No. 3212835 (originally identified as Policy No. 3056279), payable to Marion E. Meyer, wife of decedent, in the amount of $25,-187.50, and the proceeds of an insurance policy on decedent's life issued by John Hancock Mutual Life Insurance Company, Policy No. 2035894, payable to Marion E. Meyer in the amount of $5,019.60. Proceeds of these policies were included in the gross estate as items 3 and 8, respectively, of Schedule D of the estate tax return.

5. The decedent filed a Nomination of Beneficiary and Election of Settlement Option dated December 4, 1940, for each of the above mentioned policies. The settlement option for the John Hancock policy, hereinafter referred to as option 3, provided for the payment of the proceeds of the policy in 20 annual installments in equivalent monthly payments to decedent's wife, Marion E. Meyer, if living, and thereafter during her lifetime, but, if the decedent's wife was not living at his death, the installments were to be paid to the decedent's daughter, Shirley A. Meyer, in the same manner. In the event of the death of said wife after becoming entitled to payment and before payment in full of said 20 annual installments, any of the said 20 installments or monthly portions thereof then remaining unpaid, were to be paid, as they became payable, to said daughter.

In the event of the death of the last survivor of the insured, his said wife and his said daughter, before payment in full, the amount payable, or the commuted amount of any of said 20 installments or monthly portions thereof then remaining unpaid, were to be paid in one sum to the executors or administrators of such last survivor. The settlement option for the Northwestern policy, hereinafter referred to as Option C, provided for the payment of the proceeds of the policy in 240 stipulated monthly installments to Marion E. Meyer, wife of the insured. However, in the event of the death of Marion E. Meyer while receiving settlement under Option C, the insured's daughter, Shirley A. Meyer, was to receive payment under such option in accordance with its terms as to the stipulated installments remaining unpaid, if any. Each option was in effect at decedent's death.

6. Decedent was survived by his wife, Marion E. Meyer, and his daughter, Shirley A. Meyer. At the time of Albert Meyer's death, the age of Marion E. Meyer, his surviving wife, to her nearest birthday was 42.

7. On the basis of the calculations used by the Northwestern Mutual Life Insurance Company to determine the amount of the monthly installments in the amount of $25,187.50, the sum of $17,956.41 was necessary to provide the monthly income in the amount of $94.71 for 20 years certain, and $7,231.09 was required to provide a monthly income thereafter for the life of the surviving spouse.

8. On the basis of the calculations used by the John Hancock Mutual Life Insurance Company to determine the amount of the monthly installments of the total proceeds in the amount of $5,019.60, the sum of $4,012.24 was necessary to provide monthly income for 20 years certain, and $1,007.36 was required to provide the monthly income thereafter for the life of the surviving spouse.

9. The Northwestern and John Hancock policies provide that benefits accruing under the settlement option and policy of insurance shall not be transferable, nor subject to commutation or encumbrances, nor to legal process, except in an action to recover for necessaries.

10. Neither of the above referred to policies provides, and the decedent did not request, that there be any segregation of the proceeds of the policy between the amounts computable for the term certain and the amounts computable for the funding of the contingent life annuity. Both of the policies provide that the policy and the application therefor constitute the entire contract between the parties.

11. There is no dispute that the $17,956.41 computed as the amount required under the policy of insurance issued by the Northwestern Mutual Life Insurance Company to provide monthly payments during the 20 years certain period and the $4,012.24 computed as the amount required under the policy of insurance issued by the John Hancock Mutual Life Insurance Company to provide monthly payments during the 20 years certain period are nondeductible "terminable interests" within the meaning of Section 812(e) (1) (B) of the Internal Revenue Code of 1939, and no claim is made for allowance of the marital deduction with respect to such amounts.

12. A claim for refund of estate taxes in the amount of $2,339.72, alleged by the plaintiffs to have been overpaid, was filed by the plaintiffs in the office of the District Director of Internal Revenue at Buffalo, New York, on April 26, 1957. Said claim was based upon the contention that the amount of $8,238.45, consisting of portions of each of the two life insurance policies referred to above and taken out by the decedent on his own life and computed by the insurance companies for the funding of the contingent life annuities to be paid to Marion E. Meyer, are in the category which qualifies for the marital deduction.

13. On September 19, 1957, the District Director of Internal Revenue at Buffalo, New York, disallowed the plain-

tiffs' refund claim and notified plaintiffs by registered mail.

## Discussion

The issue involves the determination whether the $8,238.45 computed by the insurance companies to the funding of the contingent life annuities to be paid to Marion E. Meyer qualifies as part of a marital deduction allowed by Section 812(e) (1) of the Internal Revenue Code of 1939 as amended; (1) Title 26 U.S. C. Section 812.

Section 812(e) allows a marital deduction under certain circumstances. An interest passing to the surviving spouse does not qualify for the deduction when it is a "terminable" interest. There is a terminable interest where, upon the occurrence of an event or contingency, the interest of the surviving spouse will terminate and an interest in such property passes from the decedent to some other person who might possess or enjoy some part of the property after the termination of the surviving spouse's interest.

The Government argues as follows: Payments under the options were payable in monthly installments for 20 years certain to the decedent's wife or to his daughter, then surviving, if his wife died. After 20 years, monthly installments were payable to the wife for life. However, should the wife die during the 20 year period, the interest would terminate and pass to the daughter. Such an interest to the daughter is a non-deductible "terminable" interest, if the entire insurance proceeds constitute one property within the meaning of Section 812 (e). The entire proceeds constitute one property within the purview of Section 812(e) because the term property is used in that section in a comprehensive sense. The entire proceeds of $30,207.10 which are usable to satisfy her interest constitute the property for purposes of Section 812(e). The Government contends that there is no basis in this case for a division of the insurance proceeds in order to determine the marital deduction. Since the right to all the installments under each policy was one property, and

since persons other than the surviving spouse might possess or enjoy some part of the property after the surviving spouse's interest terminated, the Government contends that no part of the property qualified for the marital deduction.

The taxpayers take the position that there were really two properties in the policies, even though not specifically segregated, and that any contingent interest passing to the decedent's daughter was only in that portion of the proceeds which are admittedly terminable interests and taxable, but that the daughter had no interest whatsoever in that portion of the proceeds of the policies required to fund the contingent life annuities which could be only for the benefit of the surviving spouse.

In re Reilly's Estate, 3 Cir., 239 F.2d 797, is identical with the case at bar with the exception that In re Reilly's Estate, the certain payments, but not the contingent payments, were to be increased by any surplus additions as might be awarded by the Board of Trustees of the insurance company. The Circuit Court said at page 800,

"The simple inquiry here is to ascertain whether a division of the proceeds into two separate properties was accomplished. So long as the insured was alive the two potential interests were part of the one plan, each depending on the other and the survival of the insured for their amounts, their beneficiaries and whether they would ever exist. With the happening of the condition, the death of the insured, those two bundles of rights came into being entirely separate and independent. Their respective amounts had to be computed out of the total proceeds by the insurer's formula but that relationship was mechanical rather than causal. The computation was purely actuarial, depending only on the age of the surviving spouse which was fixed for computation purposes on the happening of the said condition. The death of the decedent was the moment of the

transfer; other than the formalities of filing the certificate of death and making the necessary calculation, the division of the two interests was complete and the rights of the parties then fixed.

"Thereafter the amount of the ten-year certain payments could not be affected by the annuity for life; and the life annuity did not flow from nor could it be affected by the payments certain. The rights under one were not tied in any way to the rights under the other. A person other than the spouse could succeed to one; no one but the spouse could be paid any part of the other. The mere fact that the two interests derived from the same contract is insufficient to fuse these independent properties.

"Under the option selected the insurer must and in fact did separate the proceeds into two separate funds upon the death of the decedent. Thereafter, each part of the contract was funded differently by the insurer, e. g., each policy provided that the certain payments, but not the contingent payments, were to be increased by any surplus additions.

"There is nothing in Section 812 (e) evincing intent that this contingent future life annuity to the surviving spouse alone be taxed in the estate of the spouse first to die. Nor is such purpose indicated in the legislative history."

### Conclusions of Law

1. This court has jurisdiction of the subject matter and the parties to this controversy.

2. Shirley A. Meyer had no interest under any set of circumstances of the funding of the contingent life annuities to be paid to Marion E. Meyer.

3. The sum of $7,231.09 set aside by Northwestern Mutual Life Insurance Company and $1,007.36 by John Hancock Mutual Life Insurance Company to fund monthly payments to Marion E.

Meyer after the 20 years and thereafter for the life of the surviving spouse qualify for the marital deduction under Section 812(e) of the Internal Revenue Code, Title 26 U.S.C. Section 812. In re Reilly's Estate, 3 Cir., 239 F.2d 727.

4. This court finds in favor of the plaintiffs against the Government. The marital deduction is increased by $8,238.54 to $125,543.27. On the basis of the stipulated facts, the estate tax liability of the Estate of Albert F. Meyer is reduced by $2,339.72.

Plaintiffs are granted a judgment against the Government for $2,339.72 with interest from September 9, 1954. It is so ordered.