**Olga W. KING, an individual, and A. E. King, Jr., Trustee, Plaintiffs,**

v.

**Earl WISEMAN, District Director of Internal Revenue, Defendant.**

Civ. No. 6900.

United States District Court
W. D. Oklahoma.

Nov. 27, 1956.

Charles N. Berry, Jr., Oklahoma City, Okl., for plaintiff.

Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

CHANDLER, Chief Judge.

Action by beneficiaries of an estate to recover estate taxes paid as a result of the disallowance of claimed deductions.

Arthur E. King died testate in 1951. His will contained three dispositive provisions. The first provided for the payment of debts and funeral expenses. The second was a bequest of "one-half of all my property" to his wife. The third provision was a bequest of "all of the remaining one-half of my property" to his wife and son as trustees of a trust for the benefit of the wife for life, remainder to his five children. Pending the settlement of the estate the probate court ordered the executor to pay $1,250 per month to the widow for support and maintenance under the authority of 58 Okl.Stat. § 314.

The present action raises these two issues:

1. Should the widow's allowance given under 58 Okl.Stat. § 314 be included as a part of the marital deduction?

2. Whether the payment of taxes, debts and administration expenses should be prorated to the two bequests or charged only to the bequest to the trust.

■ As to the first issue the Director has conceded that one-half of the widow's allowance should be included as a part of the marital deduction. This Court concludes that under the Oklahoma Statutes the allowance given to a widow when approved and authorized by the Probate Court vests in the widow an

absolute indefeasible right to said allowance and that it should all be included in the marital deduction. This widow's allowance under the Oklahoma Statutes is not even part of the gross estate subject to administration and federal estate taxes under § 2031 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 2031.

It has long been held that the ultimate impact of the Federal estate tax is determined by the state law. Riggs v. Del Drago, 317 U.S. 95; 63 S.Ct. 109, 87 L.Ed. 106. This situation is controlled by 58 Okl.Stat. § 311 and 314.

58 Okl.Stat. § 311: "Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings [except as in this title provided] until *it is otherwise disposed of according to law;* * * *. *And in addition thereto, the following property must be immediately delivered by the executor or administrator to such surviving wife or husband, and* child or children, and is not deemed assets, namely:

"1. All family pictures.

"2. A pew or other sitting in any house of worship.

"3. A lot or lots in any burial ground.

"4. The family Bible and all school books used by the family, and all other books used as part of the family library, not exceeding in value of one hundred dollars.

"5. All wearing apparel and clothing of the decedent and his family.

"6. *The provisions for the family necessary for one year's supply, either provided or growing, or both; and fuel necessary for one year.*

"7. All household and kitchen furniture, including stoves, beds, bedsteads and bedding. * * * no such property shall be liable for any prior debts or claims whatever."

58 Okl.Stat. § 314: "If the amount set apart as aforesaid be less than that allowed, and insufficient for the support of the surviving spouse and children, or either, or, if there be no such personal property to be set apart, and if there be other estate of the decedent, the court may in its discretion make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting letters testamentary, or of administration."

The word "may" in Section 314, supra, has been held to mean "must" by the California Court in construing a similar statute. In re Still's Estate, 117 Cal. 509, 49 p. 463.

The Oklahoma Court in Hale v. Hale, 40 Okl. 101, 106, 135 P. 1143, 1145, in interpreting these Sections said:

"Under the statutes of this state, upon the death of the husband, the homestead and certain personal property are required to be set aside to be occupied and used by the widow and children, or either. Sections 5265 and 5266, Comp.Laws 1909. [Now 58 Okl.Stat. § 311 and 312.] If the personal property ordered to be set aside is insufficient for the support of the widow and children, or either, and if there be other estate of the decedent, the court in its discretion may make a reasonable allowance out of the estate for the maintenance of the family, according to their circumstances, during the progress of the administration. Section 5269, Id. [Now 58 Okl.Stat. § 314]."

Since the property that passes under Section 314 is in lieu of property that passes under Section 311, it follows that

property that. passes under either Section would have the same status, therefore, anything that passes under Section 314 "is not to be deemed assets". To insure the minimum of a year's support to the surviving spouse and children even if deceased's estate is insolvent, the legislature clearly intended that the property under Section 311 and the allowance when ordered by the court immediately pass to the widow as though it were her property at the time of the death of her spouse. If she dies after allowance but before the payment the right to receive it would pass to her heirs.

Here I think it is pertinent that the position of the Oklahoma Court be stated even though there is no ambiguity in the statutes.

McGannon v. State, 33 Okl. 145, 124 P. 1063, 1067: "In construing tax laws, that, where there is any ambiguity or doubt, it must be resolved in favor of the person upon whom it is sought to impose the burden."

As to the second issue this Court concludes that the payment of taxes, debts and administration expenses should all be charged to that portion of the estate going to the Trustees.

Since the will did not designate the specific source from which taxes, debts and expenses of administration were to be paid, we must look to the Oklahoma statutes for the answer. This situation is controlled by 84 Okl.Stat. § 3 and 5. These statutes provide the order in which property must be resorted to for the payment of debts "except as otherwise especially provided in this code." Section 5 provides that:

"Legacies to husband, widow or kindred of any class, are chargeable only after legacies to persons not related to the testator."

The Commissioner of Internal Revenue has long recognized a trust as a separate legal entity for tax purposes by requiring it to file a tax return and to pay taxes. By no stretch of the imagination can one say that the trust as a legal entity was related to the testator.

Thus following the clear unambiguous wording of 84 Okl.Stat. § 5, the trust is chargeable with the payment of all taxes, debts and expenses of administration.