**UNITED STATES of America,**
**Appellant,**

v.

**Louise M. QUIVEY and Robert G. Simmons, Jr., Co-Executors of the Estate of M. B. Quivey, deceased, Appellees.**
**No. 16416.**

United States Court of Appeals
Eighth Circuit.

June 30, 1961.

Rehearing Denied Aug. 3, 1961.

L. W. Post, Atty., Tax Division, Dept. of Justice, Washington, D. C., for appellant; Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Tax Div., Dept. of Justice, Washington, D. C., and William C. Spire, U. S. Atty., and Thomas J. Skutt, Asst. U. S. Atty., Omaha, Neb., on the brief.

Robert G. Simmons, Jr., Scottsbluff, Neb., for appellees; Floyd E. Wright, Scottsbluff, Neb., on the brief.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

JOHNSEN, Chief Judge.

The District Court held, 176 F.Supp. 433, that a widow's allowance under the descent statutes of Nebraska, which had been authorized by the County Court and had actually been paid to her, qualifies as a marital deduction for estate tax purposes, under 26 U.S.C.A. (I.R.C.1954) § 2056.

The suit involved was one by a deceased husband's executors, under 28 U.S.C.A. § 1346(a) (1), after exhaustion of the necessary administrative procedures, for recovery of the tax paid by them on the amount of the widow's allowance, after the Internal Revenue Service had

disallowed the marital deduction which they had claimed on the basis thereof in their estate tax return. The court granted recovery, and the Government has appealed.

Subsection (a) of § 2056 of the 1954 Code provides for a marital deduction from the value of a decedent's gross estate, of "an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse", subject to the limitations contained in subsections (b), (c), and (d).

Subsection (b), which is the only one here pertinent, contains a general limitation as to any interest thus passing to the widow, which is terminable, as follows:

"(1) *General rule.*—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) *if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and*

"(B) *if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; * * *"*

The Treasury Regulations on Estate Taxes under the 1954 Code, Sec. 20.2056 (b)-1 (c), make restatement of this statutory provision as follows:

"A property interest which constitutes a terminable interest * * * is nondeductible if—

"(i) Another interest in the same property passed from the decedent to some other persons for less than

an adequate and full consideration in money or money's worth, and

"(ii) By reason of its passing, the other person or his heirs or assigns may possess or enjoy any part of the property after the termination or failure of the spouse's interest."

A widow's allowance under the Nebraska statutes, payable as it is out of assets of the estate not bequeathed or otherwise descending to her, must, we think, be held to constitute a terminable interest within these provisions of the Code and the Treasury Regulations, and so not to qualify as a marital deduction under § 2056(a) of the Code.

Neb.Rev.Stat. (1956 Reissue) § 30-103, in which the provision for widow's allowance appears, is part of the Article in the statutes covering "Descent of Property". It first grants to a surviving wife the right to certain specified personal property, such allowance to be made "as well when * * * she * * * shall receive provisions made in the will of the deceased as when the deceased dies intestate"; and it then provides that, "(2) after giving such notice as the judge may require, the surviving spouse and children, if there be children, constituting the family of the deceased, shall have such reasonable allowance out of the personal estate, or out of the income of the real estate, as the county court shall judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances, which shall not be longer than one year after granting administration, nor for any time after the personal estate shall be assigned to the surviving * * * wife".

On this language, the right to a widow's allowance is one "for * * * maintenance during the progress of the settlement of the estate", for a period "not * * * longer than one year after granting administration", or until settlement of the estate is effected, if this occurs sooner. The right manifestly represents an interest in the decedent's property, since it is "an allowance out of the personal estate".

The Senate Report accompanying the Revenue Act of 1948, under which the provision for marital deduction first came into the Internal Revenue Code, gave this legislative explanation of the meaning of the terms "property" and "interest", as used in the provision: "The term 'property' is used in a comprehensive sense and includes all objects or rights which are susceptible of ownership. The term 'interest' refers to the extent of ownership, that is, to the estate or the quality and quantum of ownership by the surviving spouse or other person, of particular property. * * * Generally the property in which any person is considered as having an interest is the property out of which, or the proceeds of which, such interest may be satisfied. Thus, in case of a bequest, devise, or transfer of an interest which may be satisfied out of, or with the proceeds of any property of the decedent's general estate, or of a trust, the interest so bequeathed, devised, or transferred is an interest in any and all of such property". Sen.Rep.No. 1013, 80th Cong., 2d Sess., U.S.Code Cong.Serv.1948, Vol. II, P. 1225.

Here, the decedent's will had provided for a residuary estate, which was bequeathed to a charitable corporation. Since the widow's allowance would be paid out of this part of the estate, it would, under § 2056 of the Internal Revenue Code, constitute an interest in such property, as opposed to the rights of the residuary legatee therein. The scope of the interest was the amount of such property on which the allowance had the capacity to operate under the statute and the order of the County Court.

In the present situation, the allowance was for a period of 12 months and in the sum of $2,000 per month, or a total of $24,000 in amount. This $24,000 interest was one which would continue until the whole of this sum had been paid, or until the right to receive any remaining part of it had ceased, if it was subject to termination. If there was no contingency that could thus cause it to be cut off, so that the widow or her heirs or assigns had a right to receive all of it under any circumstances, then it was an absolute and not a terminable interest and no question could exist as to its qualification under § 2056 for marital deduction purposes. But if it was in any way legally defeasible or subject to becoming terminated, then it would constitute a terminable interest and would not qualify as a marital deduction under § 2056(a), since such part thereof as might thus fail or terminate would be subject to being possessed and enjoyed by the residuary legatee.

Under the language of the Nebraska statute, the widow's allowance would terminate, if the estate happened to be settled in less than a year. But of more specific significance than this, it is apparent that the right would cease to have further existence also, in the event that the widow died during the period of the administration of the estate. This, we think, is clear from what the Nebraska Supreme Court said, in Samson v. Neumann, 142 Neb. 556, 7 N.W.2d 60, 65, 144 A.L.R. 264:

"The statutes provide for an allowance to a widow, but under the common law this right did not survive, and no provision is found in any statute in Nebraska authorizing any such allowance to her heirs or executor upon her death. The law does not provide for her heirs or representative as against the estate of her husband after her death."

In that case, the widow had made application for a widow's allowance, which the County Court had denied, and she had taken an appeal to the District Court. She died while the appeal was pending, and the District Court permitted revivor to be made in the name of her executor. The Nebraska Supreme Court reversed, holding that the right of a widow to an allowance from her husband's estate does not survive her death. It indicated the reason or basis for its holding by a quotation which it made from the opinion of another court, 7 N.W.2d at pages 62–63:

"As to the first question, we are clearly of the opinion that the right to support was purely personal. From the very nature of the right it could be nothing more. It was a right which she alone could enjoy. * * * There can be no support for a nonexisting person."

It would seem, from the language of the Nebraska statute, "necessary for [her] maintenance during the progress of the settlement of the estate, according to the circumstances," that the widow's right to receive further allowance would perhaps also cease in the event of her remarriage. The Samson opinion takes occasion to note that, "In California it is held that allowance to the widow terminates ipso facto if she remarries, the theory being that she is entitled to allowance only as a member of the family of the deceased". 7 N.W.2d at page 64.

But this question need not here be determined. It is sufficient for purposes of the present case that, on the expression and indication of the Nebraska Supreme Court in the Samson case, a widow's allowance in Nebraska must be regarded as terminating on her death. All of the reported estate tax decisions that have had occasion to consider the specific question (except the decision of the District Court here) have expressly or implicitly recognized that only where a state statute does not leave a widow's allowance thus subject to termination, can the interest in the decedent's estate which it represents qualify as a marital deduction under § 2056. See Cunha's Estate v. Commissioner, 9 Cir., 279 F.2d 292; Reynolds' Estate v. United States, D.C.E.D.Mich., 189 F.Supp. 548; Molner v. United States, D.C.N.D.Ill., 175 F.Supp. 271; King v. Wiseman, D.C.W.D. Okla., 147 F.Supp. 156; First Nat. Bank & Trust Co. v. United States, D.C.S.D. Ga., 191 F.Supp. 446; Estate of Rensenhouse v. Commissioner, 31 T.C. 818; Gale v. Commissioner, 35 T.C. 27; Hailey v. Commissioner, 36 T.C. 8.

The trial court here felt that the basis on which these decisions rested could properly be escaped by regarding the language in § 2056, "any interest in property which passes or has passed from the decedent to his surviving spouse", as being entitled to encompass simply "the assets actually paid to the widow out of the gross estate of the decedent, no more or no less". 176 F.Supp. at page 439.

This fails, however, to take into account the legislative intent and requirement, as made clear in Sen.Rep.No. 1013, supra, that, "In determining whether an interest in property is a terminable interest and whether the conditions of clauses (i) and (ii) [clauses (A) and (B) in § 2056(b) (1)] are met, the situation is viewed as at the date of the decedent's death * * *." U.S.Code Cong.Serv., 1948, Vol. II, p. 1232. This intent and requirement are similarly emphasized by another statement in the Report: "In the case of a trust or fund, the income beneficiaries and the persons who may receive any part of the corpus have an interest in the property represented by the assets of the trust or fund as of the date of the decedent's death." Id., p. 1229. See also Kasper v. Kellar, 8 Cir., 217 F.2d 744, 746.

Viewing the situation as of the date of the decedent's death, as must be done for purposes of the marital deduction provisions, the widow had under the Nebraska statute a right to an allowance "necessary for [her] maintenance" for a period up to "one year after granting administration", which in relation to § 2056 of the Code constituted in the situation here an interest in the residuary estate in such amount as was fixed by the County Court. If the widow had died during the period covered by the allowance, her right to receive any further portion thereof would have ceased, and her interest in the residuary estate thus would be terminated. In that situation the terminated interest would add to the amount passing under the residuary clause of the will to the charitable corporation. Thus the situation necessarily was one to which the limitations in § 2056(b) (1) (A) and (B) had application.

The judgment must be reversed and the cause will be remanded with directions to enter judgment for the defendant United States.

BLACKMUN, Circuit Judge (concurring).

I concur, but with sympathetic reluctance. It seems to me that it is regret-table when the marital deduction provisions of the Revenue Act of 1948, which were created and intended to promote, and not to defeat, desirable uniformity in the several states in estate tax consequences and to avoid the peculiarities of local law, House Report No. 1274, 80th Congress, 2d Sess., 1948-1 C.B. 241, 242, 261; Senate Report No. 1013, 80th Congress, 2d Sess., 1948-1 C.B. 285, 288, now come full circle, so far as the surviving spouse's maintenance allowance is concerned, and are again made entirely dependent on the vagaries of state law. The result is peculiarly startling in this case where the property in question can go only to the widow via the allowance or to the charity via the residue and to no one else; each of these beneficiaries, supposedly, is favored under the estate tax law and yet tax is incurred because the allowance runs afoul of the technicalities of terminable interests. Thus the Internal Revenue Service successfully defeats the avowed purpose of the 1948 Act.

Unfortunately, until corrective legislation of the kind proposed by House Report No. 1337, 83rd Congress, 2d Sess., 1954, pp. 91–2, by House Report No. 818, 86th Congress, 1st Sess., 1959, p. 2, and by American Bar Association, Section of Taxation, Program and Committee Reports to be Presented at the Twentieth Annual Meeting, pp. 55–57 (1959), is enacted, we are bound to have, and I suppose we must be content with, results such as the one we reach in the instant case which necessarily stands in vivid contrast with Molner and other cases arriving at a tax free result on the theory that the particular local law creates a vested interest. Perhaps Congress will sometime achieve the uniformity, which it desired in 1948, by again granting a deduction for a properly limited spouse's allowance, as under the former § 812 (b) (5) of the 1939 Code, 26 U.S.C.A. § 812(b) (5), or, on the other hand, by eliminating completely a deduction for the allowance irrespective, in either case, of local legal theory. See case note, 73 Harvard L.Rev. 1624 (1960). Unless and until that comes about, however, the conclusion of non-deductibility here seems inescapable.