317 F.2d 821
 L. R. JACKSON and Bank of America National Trust and Savings Association, as Trustees under the Will of G. A. Richards, Deceased, Frances S. Cartmell (formerly Frances S. Richards and Frances S. Parker), Executrix of the Will of said decedent, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 18128.
 United States Court of Appeals Ninth Circuit.
 May 15, 1963.
 
 Flint & MacKay, Paul Burks and John C. Argue, Los Angeles, Cal., for appellant.
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Michael K. Cavanaugh, and Michael I. Smith, Attorneys, Department of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Walter S. Weiss, Asst. U. S. Atty., Chief, Tax Section, Loyal E. Keir, Asst. U. S., Los Angeles, Cal., for appellee.
 Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.
 JERTBERG, Circuit Judge.
 
 
 1
 George A. Richards, a resident of the County of Los Angeles, State of California, died testate on May 27, 1951, leaving surviving him his widow, Frances S. Richards, and a daughter, Rosene Richards Moore. On June 19, 1951, the decedent's will was duly admitted to probate and his widow qualified as executrix of the last will of decedent.
 
 
 2
 The decedent by his will and the codicils thereto, after bequeathing to his wife personal property consisting of jewelry, automobiles, personal effects, household furniture, etc. and after making certain pecuniary bequests, left the residue of his estate to trustees in trust. The trustees were required to pay the income of the trust to his daughter for her life after the payment of specific income payments to his sisters and a sister-in-law. His wife was entitled under the terms of the will to income of the trust after the death of the daughter if she survived the daughter. It was further provided that upon the death of the survivor of his wife or daughter, the trust was to terminate excepting the retention of sufficient principal to fulfill the income bequests to his sisters and a sister-in-law if any of them survived the death of both his daughter and wife. The remainder, if his daughter survived his wife, was to pass to the issue of the daughter, but if she had no issue and did not exercise a power of appointment granted her, then to his heirs. In the event his wife survived the daughter, the remainder was to pass according to the provisions of her will, but if no provision was made therein, then to the issue of his daughter, and if the latter had no issue, then to his heirs.
 
 
 3
 On June 30, 1952, pursuant to Section 680 of the Probate Code of California, the Superior Court of the State of California, in and for the County of Los Angeles, ordered that the executrix be authorized and directed to pay to herself individually as the surviving spouse of the decedent the sum of $3,000.00 a month from the corpus of the decedent's estate for her support and maintenance beginning May 27, 1951 and continuing until further order of the court, but not exceeding a period of 24 months.
 
 
 4
 As of the date of the court order, June 30, 1952, $42,000.00 in family allowance was due and payable to the widow. Said sum and an additional sum of $30,000.00, or a total of $72,000.00, were in fact paid to the widow from the corpus of the estate.
 
 
 5
 On August 25, 1952, the executrix filed a Federal Estate Tax Return on behalf of the estate, and the tax shown thereon was paid. On said return the executrix claimed a deduction, under Section 812 (e) of the Internal Revenue Code of 1939, as Amended (the Marital Deduction provisions), of said $72,000.00. The Internal Revenue Service, upon audit, disallowed said deduction. The executrix paid the additional tax, together with interest thereon, which resulted from the disallowance of said deduction. Following disallowance of a claim for refund, the executrix filed suit for refund of Federal Estate Tax in amount of $29,500.00, plus interest, and for such additional amount by which the Federal Estate Tax due by reason of decedent's death might be reduced by the executrix's costs, expenses and attorney fees incurred in the prosecution of said claim for refund, and the court action to recover the same plus interest thereon.
 
 
 6
 The district court granted the motion of the United States for a summary judgment in its favor, holding that the amount paid for family allowance was not deductible for Federal Estate Tax purposes under Section 812(e) of the Internal Revenue Code of 1939, as Amended.
 
 
 7
 On this appeal the taxpayer contends that the District Court erred in holding that the sum of $42,000.00 which was due and payable and paid on the date of the court order to the widow for her support and maintenance was not deductible under Section 812(e) of the 1939 Code, as Amended. In this connection it should be stated that the taxpayer makes no contention, that the amount of $30,000.00 in family allowance which accrued and was paid to the widow after June 30, 1952, the date of the court order, is deductible. In fact, taxpayer in its brief states:
 
 
 8
 "Only that portion of the allowance to the widow for the period from the date of the decedent's death to the date of the court order is involved. The question presented is whether the $42,000.00 total of family allowance payments which were due and payable on the date of the court order were vested and thus deductible under the Marital Deduction provisions of the Internal Revenue Code."
 
 
 9
 Section 812(e) of the Internal Revenue Code of 1939, as Amended, provides a marital deduction in computing the Federal Estate Tax.[1] The terminable interest provisions of Section 812(e) (1) (B) of the 1939 Code were carried over into Section 2056(b) of the 1954 Code without any substantial change.
 
 
 10
 There is no dispute between the parties that the right to widow's allowance is an interest in property passing from the decedent within the meaning of Section 812(e) (3) and that the terminable interest rule stated in Section 812(e) (1) (B) is applicable thereto.
 
 
 11
 There is likewise no dispute between the parties that by the terms of the decedent's will and codicils thereto, the interest in property passing which is under review meets the conditions set forth in Section 812(e) (1) (B) (i) and (ii). Hence, if such interest is a terminable interest within the meaning of Section 812(e) the amount of the value of such interest is not an allowable marital deduction. The critical question, therefore, before us is whether such interest will terminate or fail.
 
 
 12
 Before attempting to solve such question, we must determine the nature or character of a widow's right to receive an allowance from her deceased husband's estate. Such determination must be made in accordance with local law. See Estate of Edward A. Cunha v. C. I. R., 279 F.2d 292 (9th Cir., 1960), cert. denied 364 U.S. 942, 81 S.Ct. 460, 5 L.Ed.2d 373 (1961); United States v. First National Bank and Trust Company of Augusta, 297 F.2d 312 (5th Cir., 1961); United States v. Quivey, 292 F. 2d 252 (8th Cir., 1961); United States Nat. Bank of Portland v. United States, 188 F.Supp. 332 (1960); Estate of William A. Landers, Sr. v. C. I. R., 38 T.C. No. 83 (Sept. 13, 1962); Estate of Margaret R. Gale, 35 T.C. 215 (1960); Estate of Proctor D. Rensenhouse, 31 T.C. 818 (1959), on remand 252 F.2d 566 (6th Cir., 1958).
 
 
 13
 Under California law a widow is entitled to a reasonable allowance out of her deceased husband's estate for her maintenance during the progress of the settlement of the estate and which allowance, in the discretion of the court, may take effect from the date of death.[2] The right to a widow's allowance is purely statutory. Hills v. Superior Court, 207 Cal. 266, 279 P. 805, 65 A.L.R. 266; Estate of King, 19 Cal.2d 354, 121 P.2d 716; Estate of Blair, 42 Cal.2d 728, 269 P.2d 612.
 
 
 14
 The right to a widow's allowance is not a vested right and nothing accrues before the order granting it. Estate of Blair, supra. The right to a family allowance is lost when the one for whom it is asked has lost the status upon which the right depends. Estate of Blair, supra. If a widow dies or remarries prior to securing an order for a widow's allowance, the right does not survive such death or remarriage. Estate of Blair, supra. The amount of widow's allowance which has accrued and is unpaid at the date of death of the widow is payable to her estate, but the right to future payments abates upon her death. In re Lux, 114 Cal. 73, 45 P. 1023. The remarriage of a widow subsequent to an order for allowance abates her right to future payments. Estate of Hamilton, 66 Cal. 576, 6 P. 493. A widow's allowance ordered by the Probate Court is payable out of the assets of the estate, in preference to all other charges except funeral charges, expenses of last illness and expenses of administration. Estate of King, supra. Estate of Cunha, supra.
 
 
 15
 The June 30, 1952 order of the Probate Court decreed that the widow be paid the sum of $3,000.00 a month from the corpus of the decedent's estate for her support and maintenance, beginning May 27, 1951, and continuing until further order of the court but not exceeding a period of twenty-four months.
 
 
 16
 The taxpayer concedes that the right to receive an allowance accruing under the court order, after the date thereof, would terminate or fail upon the occurrence of an event or contingency, i. e., the death or remarriage of the widow. It is clear that should either of said events or contingencies occur, the interest in question would not in all events go to the widow or her estate.
 
 
 17
 However, the taxpayer contends that the right to receive the allowance which accrued on the date of the court order was vested in the widow by such order since neither her death or remarriage would operate to divest her, or her estate, of the right to collect the same from the estate.
 
 
 18
 The United States takes issue with the taxpayer's position on alternate grounds. Its first position is that in determining whether an interest in property is a terminable interest and whether the conditions set forth in Section 812(e) (1) (B) (i) and (ii) are met, the situation must be viewed as of the date of decedent's death, and cites in support of such position Estate of Cunha, supra; United States v. Quivey, supra, other authorities and legislative history. The alternate position of the United States is that, even assuming the situation is to be viewed as of the date of the court award, the interest in property under review is still a terminable interest.
 
 
 19
 We are unable to embrace the appellant's contention for two reasons. In the first place, the right to receive a widow's allowance in the instant case was a right to receive the same in monthly installments during the progress of the settlement of the estate, which period by court order commenced on the date of decedent's death and extended for a period of twenty-four months. The right to receive the allowance for the specified period is the interest in property passing from the decedent to his widow which is here under review. To uphold the appellant's contention would require us to hold that the interest in property passing may be fractionalized in the manner suggested by appellant into two interests — one vesting at the date of the court order, and the other interest not vesting — by the happenstance of the date of the court order in relation to the date of decedent's death. Section 680, Probate Code, supra, contemplates one order for family allowance during the progress of the settlement of the estate but limited in time by the court order. Under the section such order may be made at any time after the granting of letters of administration or letters testamentary. Under appellant's contention, if the court order in question had been made one month after date of death, only one month's allowance would vest and the monthly allowance for the remaining twenty-three months would not, and if the court order had been made at the end of the twenty-four months fixed in the court order, the entire interest vests. No decision cited to us supports the bifurcation suggested by appellant.
 
 
 20
 In the second place it appears to us that to hold that the monthly installments which accrued on the date of the court order constituted a vesting of the interest in property passing would be contrary to the holding of this court in Cunha, supra, that "the term `property' used in section 812(e), as applied to a widow's allowance in California refers to the assets of the estate and not to the right to receive the allowance." See 279 F.2d pages 297-298.
 
 
 21
 Assuming, without deciding, that the terminable character of such interest must be determined at the date of the court order [in the instant case, made ten months before the expiration of the period] rather than at the date of decedent's death, we hold that the interest in property passing would terminate or fail upon the occurrence of an event or contingency, namely, the death or remarriage of the widow.
 
 
 22
 In this case the interest which passed from the decedent to his widow was in the corpus of the decedent's estate in which another interest had passed to decedent's daughter. If for any reason the widow's right to the marital allowance failed, it would not have gone in all events to her estate but it would have served to augment the residuary estate in which the widow had only a limited and terminable interest. In such event a part of such property could be possessed and enjoyed by the daughter. See Meyer v. United States, 364 U.S. 410, 81 S.Ct. 210, 5 L.Ed.2d 161 (2nd Cir., 1960).
 
 
 23
 The judgment of the District Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 "§ 812(e). Bequests, etc., to surviving spouse
 "(1) Allowance of marital deduction.
 "(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." 53 Stat. 123, as amended by Revenue Act 1948, c. 168, § 361(a), 62 Stat. 110, 26 U.S.C.A. § 812(e).
 "(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest —
 "(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and
 "(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse * * *."
 
 
 [2]
 Section 680 of the Probate Code of the State of California provides:
 "The widow, widower, minor children, and adult children who have been declared incompetent by order of court are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not continue longer than one year after granting letters. Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent."
 
 
 
 24
 CHAMBERS, Circuit Judge (concurring).
 
 
 25
 I am unhappy with the above result. But Judge JERTBERG's opinion convinces me that I must be unhappy with the statute which I think should be changed. And that, I suppose, is none of my business.