In re ESTATE of Prince Albert GARDNER, Jr., Deceased, Leah L. Gardner, Administratrix, c.t.a., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 62 C 390(2).

United States District Court E. D. Missouri, E. D.

Aug. 2, 1963.

Albert E. Hausman and Frank J. Lane, Jr., St. Louis, Mo., for plaintiff.

Richard D. FitzGibbon, Jr., U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEREDITH, District Judge.

This is an action to recover federal estate taxes paid by the plaintiff to the defendant on which claims for refund have been filed and jurisdiction lies in this Court by virtue of Title 28, § 1346(a).

Prince Albert Gardner, Jr., died on February 22, 1959. The St. Louis County Probate Court, acting in accordance with § 474.260 Mo.R.S.1959, V.A.M.S., allowed to Leah L. Gardner, widow of Prince Albert Gardner, Jr., $40,000 as a spouse's allowance on March 8, 1960. Plaintiff claimed the spouse's allowance as a marital deduction under § 2056 of the Internal Revenue Code of 1954 in the estate tax return filed for the estate of Prince A. Gardner. The District Director of Internal Revenue refused to allow such a deduction. Thereafter, the tax was paid and the plaintiff timely filed a claim for refund which was disallowed.

There are other matters which are pending before the Court, but will not be discussed in this opinion. The facts are stipulated between the parties and the question is a very simple question of law and that is whether under the laws of Missouri the spouse's allowance is or is not a terminable interest for the purpose of determining the marital deduction under § 2056 of the Internal Revenue Code of 1954. There is no dispute between the parties that the Missouri law governs the question. The applicable Missouri statute under which this allowance was granted is § 474.260, which was passed in 1955, and this particular section has not as yet been construed by the Missouri courts.

The government strongly urges that this spouse's allowance be construed as a terminable interest and accordingly not deductible in accordance with the 8th Circuit Court of Appeals in United States v. Quivey, 292 F.2d 252, in which the 8th Circuit interpreted a Nebraska statute. At the outset, there is a great deal of difference between the instant case and the Quivey case. The legislature in Nebraska had made it very plain and clear and also the courts of Nebraska had made it clear that a spouse's allowance was not a vested interest and the 8th Circuit Court of Appeals looked at the matter at the date of the decedent's death.

The legislative history of the Missouri Act ably reviewed by Judge Oliver in Phelps v. Bookwalter, D.C., 210 F.Supp. 801, will not be repeated here. But in that case the district judge held the spouse's allowance was deductible and was persuaded by the St. Louis Court of Appeals in Monahan v. Monahan's Estate, 232 Mo.App. 91, 89 S.W.2d 153, in which the St. Louis Court of Appeals held:

"* * * The right to such maintenance becomes vested in the surviving spouse immediately upon the death of the mate. The surviving spouse may live for only one day after the death of his or her mate, and still the right exists and may be asserted by the personal representatives of such surviving spouse, although the latter may never enjoy such twelve months' maintenance but for a limited time, or, as in the instant case, not at all."

The St. Louis Court of Appeals in that case was interpreting not the instant statute, but its predecessor which all the authors and writers concerning the Missouri Probate Code agree is substantially the same. There are three rights allowed to a surviving spouse under the Missouri law. Section 474.250 R.S.Mo.1949 provides for the right of absolute property. Section 474.260 provides for the family allowance of the spouse and the minor children and it is this section with which we are presently concerned. All the history of the probate code would indicate that there has been no substantial change in these two rights which were previously provided for before the Probate Code was revised in 1955. The third right, the homestead allowance, provided in § 474.-290 R.S.Mo.1959, is a substantial change in the Missouri law and accordingly Schubel v. Bonacker, Mo., 331 S.W.2d 552, decided by the Supreme Court of Missouri, concerning the homestead allowance, is not applicable to the instant situation.

We are not here interpreting the California statute as was done by the 9th Circuit Court of Appeals in Cunha's Estate v. C. I. R., 279 F.2d 292, in which the spouse's allowance did not qualify as a deduction or the Georgia statute as in United States v. First National Bank & T. Co. of Augusta, 297 F.2d 312, when the 5th Circuit Court of Appeals permitted the spouse's allowance as a marital deduction. Nor are we concerned with the Maine statute where the Tax Court in the Gale case, 35 T.C. 215, interpreted the Maine statute and permitted a spouse's allowance to qualify as a deduction. However, we cannot help but note the language of the Tax Court in the Gale case in which they said:

"If the allowance once made would fail under state law upon the happening or failure to happen of an event or contingency, it constitutes a terminable interest and is non-deductible. If the reverse is true it is deductible."

In the Gale case the Tax Court notes that the Maine courts had interpreted the spouse's rights not to be vested until after the allowance was made, whereas, the Missouri courts in the Monahan case have held that the allowance was vested immediately upon death of the deceased.

In passing, we also note that the Tax Court in the Rudnick case, 36 T.C. 1021, interpreted the Massachusetts statute and said that once an allowance was made and not paid, it did not revert to the estate of the deceased, but if the spouse later died, the allowance belonged to the spouse's estate, and accordingly permitted the deduction of the spouse's allowance. Certainly the Missouri statute complies with this test.

It is interesting to note in the most recent tax case in the Estate of Oliver B. Avery, decided by the Tax Court on May 22, 1963, the court held:

"Under Missouri law a widow's support allowance where the probate court made a lump sum support allowance was an absolute, non-terminable interest qualifying for the estate tax deduction."

The Court finds that a spouse's allowance under the Missouri law is vested immediately on death. That it may be applied for after the death of the surviving spouse. It is not terminable on the happening of any contingency. It qualifies as a deduction under § 2056 of the Internal Revenue Code of 1954.

The parties are directed to submit to the Court within 10 days a judgment in accordance with this opinion which shall also cover the other matters in dispute.