In the Matter of the ESTATE OF E. E. MAXEY, Deceased.

Appeal of Enoch Ray MAXEY.

No. 10827.

Missouri Court of Appeals, Southern District, Division Three.

Aug. 1, 1979.

Ted M. Henson, Jr., George B. Scott, Jr., Scott & Henson, Poplar Bluff, for appellant.

L. Joe Scott, Daniel T. Moore, Poplar Bluff, for respondent.

HOGAN, Judge.

This appeal is taken from an order of the Circuit Court of Butler County dismissing the appeal of Enoch Ray Maxey from an order of the Probate Court of Butler County. The appeal reached this court by the following route: E. E. Maxey died intestate on April 19, 1976; he left surviving a widow, Edna, and two sons, Erney, Jr., and Enoch Ray. Letters of Administration were issued to Edna Maxey and before a proposed final settlement was filed, Edna applied for her allowance of exempt property, § 474.250, RSMo 1978, V.A.M.S.,[1] and for a one year support allowance as provided by § 474.260.1.

The application for delivery of exempt property and for one year's allowance read, in material part:

"3. The surviving spouse is entitled under Section 474.260 . . . to an allowance for maintenance for a period of one year after the death of the decedent to be paid in money in a lump sum and . . . the reasonable amount of such allowance, taking into consideration the previous standard of living of the surviving spouse and the condition of the estate of the decedent, is $9,000.00.

4. An additional allowance in the sum of $7,000.00 should be made for the maintenance, during the period of one year, of the following named unmarried minor children of the decedent to-wit: Enoch Ray Maxey."

Upon notice and after a hearing, the probate court found that a just and proper allowance to the surviving spouse for one year's support was $7,200. The additional allowance for Enoch Ray's maintenance was denied. Enoch Ray appealed to the circuit court, which dismissed the appeal. The record before us is wholly devoid of any order, docket entry or suggestion why the circuit court dismissed the appeal; consequently, our review is limited to considering whether the dismissal was proper. *Rippe v. Sutter,* 292 S.W.2d 86, 88[2] (Mo.1956). As demonstrated by that part of the application quoted, and by Enoch Ray's appeal affidavit,[2] the action complained of is the probate court's denial of a separate, distinct allowance to Enoch Ray as a surviving minor child; the complaint is *not* that the allowance should have been divided. The dispositive question on appeal is, therefore, whether § 474.260.1 contemplates separate and discrete allowances to the surviving spouse and the unmarried minor children.

Section 474.260 was enacted in 1955 as part of a general revision of our probate law. Laws of Mo.1955, p. 385, § 135. It was amended in 1957, 1965 and 1971. Looking over the history of §§ 474.260 and 474.300, one cannot escape the thought that the amendments to §§ 474.260 and 474.300 represented attempts by our General Assembly to tailor the one year's support allowance to the requirements of the federal estate tax statutes, see *Phelps v. Bookwalter,* 210 F.Supp. 801 (D.C.Mo.1962), aff'd 325 F.2d 186 (8th Cir. 1964), but we set aside such speculation. Our question is whether present § 474.260 contemplates separate allowances to the surviving spouse and minor children. We are remitted to general principles of statutory construction to ascertain the meaning of the statute. In this case, we see no reason why the "plain

1. References to statutes are to this revision and V.A.M.S., except where otherwise indicated.

2. Which in material part read: "Enoch Ray Maxey, . . . on his oath, says that the appeal from the Order of the Probate Court of Butler County, . . . on the 28th day of April, 1977, *denying an allowance for the support of Enoch Ray Maxey,* in the above entitled cause . . ." (Emphasis ours).

meaning" rule should not be followed. We bear in mind that the plain meaning rule, properly stated, is something more than a rule of literal construction. Statutory words and phrases should be construed according to everyday rules of grammar and common usage, but the purpose of the statute, considered historically and in context, must also be taken into account. Otherwise, the plain meaning rule states a mere tautology. See, e. g., *Artophone Corp. v. Coale,* 345 Mo. 344, 353, 133 S.W.2d 343, 347[3][4] (1939).

Our holding is best understood if the material parts of §§ 474.260 and 474.300, as originally enacted and as they read at the time of trial, are apposed. Section 474.260, as originally enacted, read: (emphasis ours)

" . . . the surviving spouse *and* unmarried minor children . . . shall be entitled to a reasonable allowance in money . . . for *their* maintenance during the period of one year after the death of the spouse, . . . taking into account the condition of the estate of the deceased spouse. The allowance so ordered may be made payable in one payment or in periodic installments, and shall be made payable to the surviving spouse, if living, *for the use of such surviving spouse and the minor children;* . . . but in case any minor child is not living with the surviving spouse, the court may make such division of the allowance for maintenance as it deems just and equitable. . . . "

As amended, and as it stood at the time of trial, § 474.260.1 read:

" . . . *the surviving spouse* is entitled to a reasonable allowance in money . . . *for his maintenance* during the period of one year after the death of the spouse . . .. The allowance so ordered *shall be made payable to the surviving spouse,* unless the court finds that it would be just and equitable to make a division . . . between the surviving spouse and the unmarried minor children.

*If* there is no surviving spouse, the allowance shall be made to the unmarried minor children." (Our emphasis).

Section 474.300, as originally enacted, Laws of Mo.1955, p. 385, § 138A, read: (emphasis ours)

"When a surviving spouse dies, or if an unmarried minor child dies, marries or comes of age *no allowance shall be made* [3] under section [474.260] for his maintenance for any period after such death, marriage or coming of age."

Present § 474.300, reads: (emphasis ours)

"Death of a surviving spouse within the one year period for which the allowance is provided under section 474.260, for his maintenance, *shall not affect the right or the surviving spouse* to the allowance of the ordering thereof by the court. If an unmarried minor child dies, marries or comes of age, no allowance shall be made under section 474.260 for his maintenance for any period [thereafter] . . . "

For many years, Missouri had a "widow's allowance" statute which smacked strongly of the early 19th century. In the 1929 revision of the statutes, the antecedents of our one year support statute are found in two sections, RSMo 1929, §§ 106 and 107. Section 106 provided that a surviving spouse should be allowed certain items of personalty as his absolute property, including:

" . . . all grain, meat, vegetables, groceries, and other provisions on hand and provided and necessary for the sustenance of the [surviving spouse] and family for twelve months . . . "

Section 107, RSMo 1929, further implemented the "grain, meat [and] vegetables" part of § 106 as follows:

"If the grain, meat, or other provisions allowed [the surviving spouse] in the preceding section shall not be on hand at the time of the taking of the inventory, the court shall make a reasonable appropria-

---

**3.** This is the language which troubled Justice (then Judge) Blackmun in *Bookwalter v. Phelps,* supra, 325 F.2d at 189, the question being whether the one year support allowance was "indefeasibly vested" within the meaning of § 2056(b)(1) of the I.R.C. of 1954.

tion out of the personal assets of the estate to supply such deficiency . ."

While these statutes in terms read that the allowance is for the surviving spouse and family, they were interpreted as providing an allowance which vested in the surviving spouse as his or her absolute property, free from the claims of creditors or distributees or other beneficiaries of the estate. See: *Monahan v. Monahan's Estate,* 232 Mo.App. 91, 95–97, 89 S.W.2d 153, 155–156[1] (1936). In 1933, the language of the one year support allowance was changed to read, Laws of Mo.1933, p. 164:

" . . . and such sums of money in exclusion of all debts, claims, charges, legacies, and bequests, as the court may deem reasonable for the proper support of the said [surviving spouse], *and* the minor children under the age of eighteen years, if any, as the case may be, for a period of one year after the death of the [decedent] . . .." (Our emphasis).

This wording was carried forward through the 1939 revision, where it appeared as § 106, and the 1949 revision as part of § 462.450. Despite the copulative conjunction "and," emphasized above, our courts continued to indicate that the surviving spouse's allowance was his (or her) sole property, and that he deprived the minor children of nothing if he failed to use it for their support. See, e. g., *Alexander v. Glasgow,* 365 Mo. 24, 29, 275 S.W.2d 339, 342[4–6] (banc 1955). The rulings of our courts were entirely consonant with the holdings from other states construing similar statutes. It was assumed, but not required, that the one year's support allowance would be used to support the minor children. See, generally, *Harris' Adm'r v. Adams,* 117 Ky. 407, 78 S.W. 156, 157–158 (1904); *Drewry v. Raleigh Savings Bank & Trust Co.,* 173 N.C. 664, 92 S.E. 593, 594[6] (1917); 1 Woerner, Am. Law of Administration § 89, p. 267, n. 1 (1923). Historically, then, the one year support allowance was the sole property of the surviving spouse, if any, upon the death

of the other spouse.[4] And, in enacting § 474.260 in its original form, Laws of Mo. 1955, p. 385, § 135, those most closely associated with the 1955 revision of the probate laws had the view that the revision merely expressed "the substance" of existing law as far as the one year support allowance was concerned. *Phelps v. Bookwalter,* supra, 210 F.Supp. at 805–806.

If a strict rule of literal construction were followed, we suppose an argument of sorts could be made that §§ 474.260 and 474.300, as originally enacted, looked to separate allowances for the surviving spouse and minor children. Reading § 474.260 as originally enacted, the use of the copulative or cumulative conjunction "and" to connect the nouns "spouse" and "children," and the use of the plural possessive pronoun "their" to modify the noun "maintenance" suggest a multiple interest in the family allowance if we accept the grammatical notions that the function of a copulative conjunction is to indicate more than one, and the pronoun "their" functions as an attribute or possessive adjective to describe the noun "maintenance." Moreover, the first clause of the second sentence of the statute makes the allowance payable to the surviving spouse, but is modified by the subordinating clause "for the use of such surviving spouse *and* minor children" and suggests, grammatically, that the surviving minor children may have some sort of legally protectible interest in the family allowance. The language of the first sentence of original § 474.300 lends credence to this argument, as noted in *Bookwalter v. Phelps,* supra, 325 F.2d at 190 (Blackmun, J., dissenting). However, given the history construction and apparent purpose of prior statutes, the language of the 1955 amendments forcefully brings to mind Professor Robert Keeton's admonition that "not speaking" to an issue is not "speaking" to that issue, i. e., the General Assembly probably did not think of the possibility of separable interests at all. Therefore we must look to other (including former) statu-

---

4. The minor children took the allowance if there was no surviving spouse, § 462.490, RSMo 1949, but we are not concerned with that situation here.

tory directives and judicial precedents as data by which to be guided.[5]

In any event, the amendments to §§ 474.-260 and 474.300 indicate meticulous attention to the possibility of coexistent interests in the one year support allowance. Gone is the phrase "surviving spouse and unmarried minor children"; instead we read "the surviving spouse is entitled." The former expression "for their maintenance" is replaced by "for his maintenance."[6] Present § 474.-260 does provide, of course, that the court may divide the one year's support allowance between the surviving spouse and the unmarried minor children if it finds it would be just and equitable to do so, but nothing in the second sentence of § 474.260 suggests that the General Assembly had two allowances in mind. Present § 474.300 in terms provides that death of the surviving spouse within the one year period shall not affect his or her right to the allowance, although it does provide that if the surviving spouse dies before the allowance is made or is paid, the one year support may be allowed or paid to the surviving minor children. In short, there is nothing in the history of the statutes creating and allowing the one year support allowance nor anything in the language of the present statute which gives credence to the argument that the probate court should have made a separate allowance to Enoch Ray. It therefore follows that in the circumstances presented, Enoch Ray was not "aggrieved" within the meaning of § 472.160.1, and his appeal was properly dismissed.

Accordingly, the judgment is affirmed.

All concur.

---

**5.** R. Keeton, Statutes, Gaps and Values in Tort Law, 44 J.Air.L. & Commerce 1, 7–9 (1978). Professor Keeton was speaking of tort law, but his guidelines are most convincing here.

**6.** "His," of course, also means "hers," if the surviving spouse is female. Section 1.030.2.